In the early settlement of a country the jurisdiction of separate Courts are pftep blended in epch other, Formerly *215 fe this State the Chancellor exercised his office, and kept the great seal in the land-office. In England it was kept in •the Exchequer. Could an enrolment in the Exchequer be refused as not being evidence? In the construction of grants the law must be taken as it was at the time of the grant made. Co. Litt. 8. b. The precedents produced from the land-office of similar surrenders having been made, proves what was considered to be the law at the time the surrender was made. The surrender in this case was a proper and legal surrender, to prove which the land-office must be taken to be a branch of the Court of Chancery, and is like the petty bag office in England, which is a Court of record. The King’s letters patent are always enrolled in Chancery. 4 Inst. 88. And a scire facias lies to repeal them. 4 Inst, 79. 88. Scire facias will not lie for the forfeiture of a patent in another Court, unless an office be found in such other Court before the scire facias issues, except the forfeiture appears of record in the same Court whereupon to found the scire facias. 4 Bac. Abr. 409. 3 Lev. 223.
There are no set form of words necessary to constitute a surrender, nor is there any formal proceedings necessary. 2 Roll. Abr. 204. a. 205. 10 Co. 67. b. Record of the. surrender of letters patent may be by the verb sursumreddo. Dyer, 176. So in pleading it may be by the words sursumreddo and restituo only. 10 Co. 67. 1 Co. Alton-wood1 s case.
The verb restituo may well enough be rendered delivered into the office; but the record here goes farther, having the words “ and made void.” So will many words by operation of law amount to a release. Co. Litt. 264. The Court will take notice of the constitution of other Courts. 2 Co. 16. Lane's case. Roll. Abr. 524. Cro. Car. 213. 328. 11 Mod. 68. They will also receive information thereon by precedents, or by certificate of the Justuses. Cro. Eliz. 503. All patents pass under the great seal, which shews the land-office to be a branch of the ■Court of Chancery, where the great seal is always, kept. *216 Stran. 158. Unless the enrolment of letters patent were considered as a record, the exemplification of it would not-be evidence. 3 and 4 Edw. VI. c. 4. 13 Eliz. c. 6. scye fucias grounded on a record, must be in the same Court where the record is. 2 Bulst» 10. 3 Lev. 223. The King v. Butler. Remembrance made of the surrender, is sufficient evidence to pass it to the King. 17 Fin. 172. 2 Boll. Abr. 205. A record is not to be tried by a Jury, or the examination of witnesses, but by inspection of the record itself by the Court. Co. Litt. 117. b* 260. a. A fee-simple may be surrendered to the King. Co. Litt. 330. a. Bro. Surrender, pi. 51. If a man would surrender his patent, he ought to do it in the same Court out of which it issued. E'itzh. Abr. Surrender, p. 5. The marginal entry itself, is a complete record of the surrender, and no other proceeding or proof of it can be required. But if this were not strictly a proper and legal surrender, yet it is good by reason of the uniform constant course of the land-office, which appears by the precedents in the land record books. Usage and precedent are not to be neglected in things indifferent, or which are not mala in sé. Jenk.. 162, 163. The rule that precedents which pass sub silentio, are to be considered of little or no authority is to be Understood, where there are judicial precedents, to the contrary. 1 P. W. 223. The custom of a Court is the law of the Court. Cro. Car. 528. The course of the Exchequer prevailed against the law. Cro. Car. 513. The Constant practice of the Court prevailed against a statute. 1 P. W. 223. An acquittance by the mayor only, held not to be good by all the Justices ; yet because he is the head of the corporation, and one hundred precedents were shewn of the like in the time past, it was allowed. Bro. Corp. 87. Finch's Law, 40. For other instances'of precedents prevailing against the law, vide Anderson 49. Teh. 126. Noy, 172. Bro. Cov. 87. 1 Stra. 147. Finch's Law, 40. Garth. 284. Fin. Precedent, 502. The Court of King’s Bench will, upon a writ of error, take judicial notice of private customs. 11 Mod. 68. The Court did *217 right in refusing to let the patent be read in evidence, for the evidence of the surrender came from the plaintiff himself ; the exemplification of the patent, was accompanied with a circumstance which proved that it had lost its force and eifect. Cancelled deeds are void and cannot be given in evidence, unless proof of the ill practice how they came to be cancelled be oifered. Het. 138. Vin. Evidence, 106. Formerly if a deed appeared to be razed or interlined in a place material, the Judges adjudged, upon their view, that the deed was void. But of later times, the Judges have left it to the Jurors to say, whether the razing were before the delivery or not. Co. Litt. 225. b. And the reason why the Judges have referred the fact to the Jury is, because upon their view, they could not determine whether the razure was before or after executing the deed; but in the case at bar, there could be no doubt whether the surrender were after the patent, and, therefore, the Judges might well determine upon their view. Vide Palmer, 402. Latch. 226. Comb. 337.
The Court of Appeals reversed the judgment of the Provincial Court.
Note. In a manuscript report of this case, in anote book of the late Thomas Jennings, Esquire, from which the principal part of the arguments of counsel were taken, is the following note in the hand-writing of Mr. Jennings, who was counsel in the cause : I was informed “ by one of the Judges of the Court of Appeals, that they did not de- “ termine whether the grant was vacated or not; but that it ought to have been read in evidence.” •>