PENN *vs.* FLACK and COOLEY.—*December,* 1831.

A prayer by the defendant addressed to the court, requesting them to instruct the jury, that " the plaintiff upon the evidence, is not entitled to recover upon either count in the declaration," is, since the act of 1825, ch. 117, too general in its terms, and the refusal to grant it, is not the subject of an appeal.

The endorsee of the payee of a negotiable note, can maintain an action for money had and received, against the maker of the note, upon the proof of the note and endorsement.

Where the declaration averred that a negotiable note was endorsed, before it fell due, and it appeared upon the production of the note, that it was endorsed after maturity, this was held to be no material variance.

APPEAL from *Montgomery* County Court.

*Assumpsit* by the appellees, as the endorsees of the following promissory note, against the appellant, *William G. Penn,* as the maker thereof, commenced on the 11th of October, 1827.

" $80. Sixty days after date, I promise to pay to *John Morrison,* or order, eighty dollars, without *defalcation,* value received. *Wm. G. Penn. May 21st,* 1818." Endorsed. "Pay to *James Flack, & Co.* April 24th, 1824. *John Morrison.*"

The declaration contained a *count* on the note, setting out the endorsement, which it averred to have been made, *before* the time limited in the said note for the payment thereof, to wit, on the day and year aforesaid, at the county aforesaid, (being the day of its date;) and also contained *counts* for money lent and advanced; money paid, laid out, and expended; and money had and received. The defendant pleaded *non-assumpsit*, and issue was joined.

1. At the trial, the plaintiffs offered in evidence the promissory note, having proved that the same was signed by the defendant, and that in the year, 1824, the said note was purchased by the plaintiffs in this action, (who are *James Flack & Co.*) and assigned to them by a certain *John Beal*, the endorsement of *John Morrison*, the payee, then appearing on it; and that on the 24th of April, 1824, after the said assignment was made, the said note was presented in behalf of the plaintiffs to the defendant, who paid $20 thereon; admitted the note to have been made by him; and said, that in a month's time, he would pay the original amount of the note, but would not pay interest, because he had sent the money by a neighbor to pay the note to the owner, before it came into the hands of the plaintiffs, but the owner could not be found. The defendant thereupon prayed the court to instruct the jury, that the plaintiffs upon the evidence, were not entitled to recover upon either count in the declaration. But the court (KILGOUR, A. J.) refused to give the instruction. The defendant excepted.

2. After the evidence contained in the first bill of exceptions had been given, the defendant further prayed the court to direct the jury, that unless they were satisfied the endorsement to the plaintiffs, had been made before the expiration of the time when the said note became payable, the plaintiffs were not entitled to recover. This instruction the court also refused to give. The defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., EARLE, STEPHEN, and ARCHER, J.

*Alexander*, for the appellant, contended,

1. That the prayer of the defendant, in the *2d exception*, ought to have been granted. The declaration alleged, that the endorsement to the plaintiffs was before the note fell due, when the proof was otherwise. This is a variance which is fatal. 2 *Stark. Ev.* 245. He insisted, that all averments in a declaration are material, and must be proved, which affect the defences open to the defendant. If the averment in this case had been true, the defendant could not show a want of consideration, which he would be allowed to do, if the note had been endorsed to plaintiffs, after it became due, as was the case in point of fact. 2. It appears from the evidence, that the plaintiffs purchased the note; and therefore it is not proof of money had and received by the drawer for their use; neither could it be considered as evidence of money paid, laid out, and expended by them, for the use of the drawer. 2 *Stark. Ev.* 99. A note is only evidence under the money counts, as between the immediate parties. 1 *Saund. P. and Ev.* 340. *Waynam vs. Bend,* 1 *Campb.* 175.

*Johnson* and *Gill*, for the appellees.

1. The averment as to the *time* of the endorsement is immaterial. If the evidence shows, that the endorsement took place subsequent to the maturity of the note, the defendant will be let into the defence of a want of consideration, notwithstanding the averment to the contrary in the declaration. The averment therefore can have no influence on the defences open to him. *Young vs. Wright,* 1 *Camp.* 140. *Russell vs. Langstaff,* 2 *Doug.* 514. If the action was against the *endorser*, the case might be different, but as respects the maker, the averment as to time is perfectly immaterial. The liability of the maker to the endorsee, arises from the *fact* of the endorsement, and not its date.

*Chitty on Bills,* 286. *Grant vs. Vaughan,* 3 *Burr,* 1516, 1525. 2. The note was evidence under the money counts. The promise of the maker is, that he will pay to the payee, or his order; and when he gives the order by endorsement, the maker holds the money for the use of the endorsee. *Young vs. Wright,* 1 *Campb.* 140.

STEPHEN, J., delivered the opinion of the court.

This case presents two questions for the decision of this court. The first is, whether an endorsee of the payee of a note, can maintain an action for money had and received, against the maker? and the second, whether it is a material variance to declare that a negotiable note was endorsed by the payee before it became due, and to offer proof of an endorsement after it fell due? Upon the first question there is a contrariety of opinions in the books, but upon the most mature deliberation, we are of opinion that the action is maintainable, upon sound legal principles; the note is a contract by the maker to pay the money to the payee or his endorsee. It is well established, that in an action by the payee against the maker, the note is evidence upon a count for money had and received; being therefore, evidence of money had and received to the use of the payee, by the maker, when the payee transfers his interest in the note by endorsement, (the note being payable to the payee or his order,) it would seem to follow, that by the very terms of the contract, the endorsee would become substituted in the place of the payee, and be invested with all his legal rights, not only as relates to a suit upon the note since the *statute of Ann,* but also as to the common law count of money had and received. In the case of *Grant vs. Vaughan,* 3 *Burrows' Rep.* 1516, which was an action by the bearer of a bill of exchange against the drawer, which bill was in the following words, "Pay to Ship Fortune, or bearer," so much, *Lord Mansfield* makes the following remarks. "But upon the second count, (which was for money had and received,) the present case is quite clear, beyond all

dispute.  For undoubtedly an action for money had and received to the plaintiff's use, may be brought by the *bona fide* bearer of a note made payable to bearer.  There is no case to the contrary.  It was certainly money received for the use of the original advancer of it; and if so, it is for the use of the person, who has the note as bearer.  In this case, *Bicknell* himself might undoubtedly have brought this action.  He lost it, and it came *bona fide* and in the course of trade, into the hands of the present plaintiff, who paid a full and fair consideration for it.  *Bicknell* and the plaintiff are both innocent.  The law must determine which of them is to stand to the loss, and by law it falls upon *Bicknell.*"  In this case the bill was payable to bearer; in the case now before this court, it was payable to order, and it seems to us that it would require a considerable degree of legal ingenuity, to distinguish between the two cases, in point of legal principle, as to the legal operation of the two contracts.  They were both negotiable in their characters, the only difference is, that the one was payable to bearer, the other to order.  In 12 *Johns. Rep.* 90, the action was brought on two promissory notes: one was in the following words.  "For value received, due *Wm. Douglass* or bearer, $14 50, with interest, payable the 1st of March next, *Springfield,* 8th Nov. 1811, signed *James Pierce.*"  The second note was dated, Dec. 25th. 1811, and the defendant promised for value received, to pay *Wm. Douglass,* or bearer, the sum of $18, with interest.  In a suit brought upon these notes, the plaintiff below, under the direction of the court recovered, and upon a writ of error being brought to the *Supreme Court,* that court delivered the following opinion.  "This was an action of *indebitatus assumpsit,* for money had and received, money lent, &c. and the chief question is, whether the promissory notes in the hands of the plaintiff below, as bearer, were properly admitted in evidence under such a count.  It is clear, that as well before, as since the statute making notes negotiable, the person named as payee, might give such note in evidence, un-

der the general counts for money lent, or money had and received, &c." (here this court refers to a number of authorities, and amongst them, the case of *Grant vs. Vaughan,* above referred to, and then proceeds.) " The *statute of Ann* gave an additional remedy, but did not take away the old one." " If, as all agree, such a note before the statute, was evidence of money due from the maker to the payee, so as to support a count for money had and received, I can see no good reason why an assignee by endorsement or delivery ought not to have the same remedy. It was the object of the statute to place the assignee in the same relation to the maker, as the payee stood in before; and the legal operation of the transfer is, that the money which by virtue of the note was due to the payee from the maker, is now due from the maker to the assignee. These notes were payable to *William Douglass* or bearer, like the form used in bank notes. Bearer is *descriptio personæ,* of the real payee. It may be that *Wm. Douglass* had no knowledge of the note, or is a fictitious person. The note however, is transferable by delivery merely, and possession was evidence of property in the plaintiff below, *prima facie.* It is objected by the counsel for the defendant, that here is no privity of contract between these parties; and several authorities were cited to show, that *indebitatus assumpsit,* will not lie except between privies. To this objection there are two answers—first, there is a legal privity of contract between the maker of a negotiable note and the assignee or bearer in this case. It is a contract to pay the money to whoever may become entitled to it by transfer, as bearer; and such privity commences, as soon as the bearer becomes so entitled.—Secondly, it is not true, that the action for money had and received, can only be grounded on privity of contract. It lies against the finder of money lost. It is the proper action to recover money obtained by fraud or deceit. If a man without my authority, receive money due to me, I may recover it from him in this form of action, and certainly in these cases there is no privity of contract.

In the case of *Wayman vs. Bend,* 1st *Campbell's nisi prius,* 175, precisely like the present case, Lord *Ellenborough* decided, that the right of giving a promissory note in evidence under the general money counts, is confined to the original party to whom the note was payable. But this was a *nisi prius* opinion: and as the plaintiff in that case recovered on another count as endorsee of the same note, it never became material to revise the decision. That opinion of *Lord Ellenborough* contradicts the decisions of several of his illustrious predecessors. In the case of *Tablock vs. Harris,* 3 *D. and E.* 174, it was decided, that an endorsee of a bill of exchange may recover against the acceptor, under a count for money had and received; and *Lord Kenyon* there says, "in making this decision we do not mean to infringe a rule of law, which is very properly settled, that a *chose in action* cannot be transferred: but we consider it as an agreement between all the parties, to appropriate so much property, to be carried to the account of the holder of the bill." In the case of *Grant vs. Vaughan,* 3 *Burr.* 1516, it was decided, that *indebitatus assumpsit* for money had and received was a proper action to recover the value of a bill of exchange by the bearer against the drawer: and *Lord Mansfield* there says, "undoubtedly an action for money had and received to the plaintiff's use, may be brought by the *bona fide* bearer of a note, made payable to a bearer; there is no case to the contrary." The case of *Cruger vs. Armstrong and another,* 3 *Johns. Cases,* 5, supports the same doctrine. The principles contained in this decision are fully sustained by the Supreme Court of the *United States,* in the case of *Raborg and others vs. Peyton.* In that case, (which was an action of debt brought by the endorsees of a bill of exchange against the acceptor,) Mr. *Justice Storey,* in delivering the opinion of the court says, "privity of contract may exist, if there be an express contract, although the consideration of the contract originated *aliunde.* Besides, if one person deliver money to another, for the use of a third person, it has been settled that such a privity exists, that the latter

may maintain an action of debt against the bailee. In general, the legal predicament of the maker of a note, is like that of the acceptor of a bill. Each is liable to the payee for the payment of the note or bill, in the first instance; and after endorsement each incurs the same liabilities." The judge, in delivering the opinion of the court, further remarks, that, " in point of law every subsequent holder, in respect to the acceptor of a bill, and the maker of a note, stands in the same predicament as the payee. An acceptance is as much evidence of money had and received by the acceptor to the use of such holder, and of money paid by such holder for the use of the acceptor, as if he were the payee."

The only remaining question is, whether, when a note is declared on by the endorsee against the maker as being endorsed before it is due, it is a material variance to prove it to have been endorsed after it became payable? In *Chitty on bills*, 462, the law is stated to be, that " if a note payable to bearer be declared on as endorsed, the endorsement must be proved; but when the declaration states, that the endorsement was after the making of the bill, and it appears in evidence to have been before, or that it was before the bill was due, and it appears in evidence to have been made afterwards, this is not a material variance." In support of this principle, he refers to *Young vs. Wright*, 1 *Campb.* 139.

In this case we think it proper to observe, that it appears to us, that the prayer in the first bill of exceptions is too general under the act of 1825, but, as the prayer in the second bill of exceptions is sufficiently specific, and the case was fully argued, to prevent future litigation, we have delivered our opinions upon both exceptions.

We are of opinion, that there is no error in the judgment of the court below, and that it ought to be affirmed.

**JUDGMENT AFFIRMED.**