(Decided March 27th, 1861.)

---

## BASIL B. HOPKINS and ROBERT HULL, *vs.* DANIEL KENT.

The facts recited in what is called,,in the record, the *first exception,* which was not *signed* by the judge, having nothing attached to it but a *seal,* were made part of what is designated the second exception, which was signed as well as sealed by the judge. HELD:

That the recognition by the judge of a *first* exception, by his signing one referring to the facts as therein stated as part of the one signed, suffi-

ciently authenticates the first to enable this court to notice the facts therein mentioned.

On proof of the making and endorsement of a promissory note, an endorsee can recover against the maker on the *money counts*, and the note is admissible in evidence under such counts.

The presumption is, in the absence of proof to the contrary, that a negotiable note in the hands of an endorsee, was endorsed to him before maturity, if not at its date.

APPEAL from the Circuit Court for Calvert county.

*Assumpsit*, brought on the 17th of June 1853, by the appellants against the appellee and one Leonard C. Leitch, who was returned non-resident, and the suit prosecuted against the appellee alone. The declaration counts upon two promissory notes which were filed with it, both dated June 6th, 1849, one at three months, for $400, and the other at five months, for $396.15, both drawn by L. C. Leitch & Co., in favor of Sewell, Janney & Owens, or order, and by them endorsed. The $400 note was properly described in the nar., but the description of the other was not accurate. The declaration also contained the *common counts* for money lent and advanced, paid, laid out and expended, and for money had and received. Plea, *non assumpsit*.

*1st Exception.* The plaintiffs proved their partnership, the handwriting of the makers and endorsers of the two notes declared on, and that the defendant and L. C. Leitch constituted the firm of L. C. Leitch & Co., in the year 1849, and before and since that time. The defendant then objected to the admissibility of either of said notes in evidence under the pleadings in the cause, and the court admitted the note for $400 as admissible, but refused to allow the plaintiffs to offer the note for $396.15 in evidence, as inadmissible as aforesaid; whereupon the plaintiffs excepted, and prayed the court to sign and seal this their first bill of exceptions, which is accordingly done this 14th day of October 1858. [There is a *seal*, but no *signature of the judge* attached to this exception.]

*2nd Exception.* In the further trial of this cause the plaintiffs, after proving the facts set forth in their first bill of exceptions, (which is made part of this bill of exceptions,) proved

the execution of said note for $400, by L. C. Leitch & Co., and its endorsement by Sewell, Janney & Owens, and there rested.

The defendant, then, to maintain the issue on his part joined, offered in evidence the following note, receipt and letter, having first proved the handwriting of Richard G. Mackall, as the maker of said note, and the handwriting of Sewell, Janney & Owens, to the said letter, and the statement endorsed on the back of said note. The note here referred to and offered in evidence, is a note signed by R. G. Mackall, dated the 26th of April 1852, for $500, at six months, payable to Sewell, Janney & Owens. The receipt is a receipt of that firm of the same date to Mackall for the said note, the amount of which, when paid, was to be placed to the credit of L. C. Leitch, on the books of said firm of Sewell, Janney & Owens. The letter is a letter from Sewell, Janney & Owens, to R. G. Mackall, dated the 19th of October 1852, reminding him that his note for $500, above described, would be due on the 29th of the month, and further stating: "This note was given us on account of L. C. Leitch & Co., and we hope you will meet it by money or draft." On the back of the note so offered in evidence was a statement dated the 13th of December 1852, in which the $500 note, with interest from its due day to the date of the statement, and interest on a note for $250 at five months, and a draft for $250 at six months, are charged, and their amount credited and balanced by said draft and note for $250 each, and a small sum in cash. This statement is signed by Sewell, Janney & Owens.

But the plaintiffs objected to the admissibility of the said statement, as evidence of payment of the said note, in the absence of any proof that the draft at six months for $250, and the note for $250, mentioned in the statement endorsed on the said note of R. G. Mackall, were paid to the said Sewell, Janney & Owens, or their order. But the court (BREWER, J.) admitted the said evidence; whereupon the said plaintiffs excepted, and prayed the court to sign and seal this their second bill of exceptions, which is accordingly done

this 13th day of October 1858. [This exception was properly signed and sealed by the judge.] The verdict and judgment were in favor of the defendant, and the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*A. B. Hagner*, for the appellant:

1st. The first exception is not signed, but this defect, which was a mere mistake of the judge, is cured by the second exception, which is duly signed, and which, in its commencement, *incorporates and makes part thereof* all the facts stated in the first exception. In the case of *Armstrong vs. Risteau*, 11 *Md. Rep.*, 157, this court has said, that "bills of exceptions must be considered as wholly *distinct* from each other, *unless they contain sufficient words of connection.*" Here there are sufficient words of connection, and, in this respect, this case differs from all the cases cited on the other side, in which it has been held, that an exception not signed is no exception, and cannot be regarded by this court. The signature of the judge to the *second* exception as such, in which is recognized a *first* exception, and in which is *incorporated* the facts of that first exception, is sufficient to *verify* to the appellate tribunal the facts therein stated, and brings such first exception properly before this court for decision. This exception, therefore, being properly before the court, it is insisted that the ruling of the court below therein was erroneous, because even if the second note was not admissible under the special count, it was competent evidence under the *money counts*. 3 *G. & J.*, 369, *Pernn vs. Flack*. 8 *Gill*, 68, *Merrick vs. Bank of Metropolis*. 2 *Greenlf's Ev.*, sec. 112.

2nd. The ruling in the second exception was also erroneous. The note for $400, which was before the jury, was dated the 6th of June 1849, at three months, payable to Sewell, Janney & Owens, or order, and by them endorsed. The declaration alleges that this endorsement was made on the day of the execution of the note, and there is no evidence that such was not the case. Where a note is in the hands of

the holder, endorsed by the payee, the inference is that it was endorsed, if not on the day of its date, at least before its maturity. 6 *Md. Rep.*, 319, *McDowell vs. Goldsmith.* It was, therefore, the property of the plaintiffs before the 10th of September 1849, and, of course, was entirely unaffected by any subsequent dealings between the defendant and Sewell, Janney & Owens, and especially by the transactions in April and December 1852, between that firm and R. G. Mackall, who was not a party to the record. No dealings of Kent with Sewell, Janney & Owens, after the $400 note became due in the hands of the plaintiffs, could impair the right of the plaintiffs to recover on the note. Even payment by Kent to Sewell, Janney & Owens, under such circumstances, would not bar the plaintiffs' recovery. The only effect, therefore, of admitting the evidence offered by the defendant, was to mislead the jury.

3rd. The objection made by the plaintiffs, was to the admissibility of the statement *as evidence of the payment of the* $400 *note, in the absence of any proof* that the draft and note for $250 each, mentioned in that statement, had been paid. No evidence whatever was offered by the defendant, at any stage of the trial, even tending to prove the payment of this draft and note. If any such proof had been offered, at any stage of the case, the court would not have signed the exception containing this averment. In the words of the exception, therefore, there was "an absence of any proof" on the point. In order to show that Leitch & Co. paid the $400 note, the defendant produces a note of Mackall, dated nearly three years afterwards, in favor of Sewell, Janney & Owens, the amount of which, "*when paid,*" was to be a credit on Leitch & Co's account. The statement on the back of this note does not show that it was paid, but only that two new notes were taken by Sewell, Janney & Owens, which there is no attempt made to show were paid, although if they had been, the defendant could readily have proved it. In the most favorable aspect of the case, it only appears that Sewell, Janney & Owens took the two notes for $250 each, to be applied to the $500 note *when paid,* and unless they are proved to have

been paid, there was no evidence whatever that the $500 note was paid; certainly not that the $400 note was. The introduction of the statement, in the absence of further proof, only misled the jury, and induced them to believe that in some way the settlement of the $500 note of Mackall, by two new causes of action, was a payment of the original note for $400, which had been the property of the plaintiffs for three years previous. The statement being inadmissible to prove payment of the $400 note, for which it was offered, should have been rejected. 7 *Md. Rep.*, 582, *Pegg vs. Warford.*

4th. It was further inadmissible, because there was nothing to connect the $500 note with the note sued on. The $400 note was due in September 1849, and had been assigned, before due, to the plaintiffs. The indebtedness referred to in the settlement of 1852, for aught that appears, was an altogether different transaction, contracted subsequently to that for which the $400 note was given. If the $500 note had been given to pay the note of 1849, this last named note would have been given up to the defendant or his agent. The admission of such evidence could have no other effect than to mislead the jury.

*C. S. Parran,* for the appellee:

1st. What purports to be the first exception of the plaintiffs, is no exception, because it is not signed by the judge of the court below. 2 *H. & J.*, 345, *Davis vs. Wilson.* 1 *Md. Rep.*, 13, *Milburn vs. The State.* 6 *Md. Rep.*, 509, *Ellicott vs. Martin, Love & Co.* 15 *Md. Rep.*, 579, *Rutherford vs. Pope.* Each exception is a complete case by itself, and any omission cannot be supplied by looking to other facts not incorporated in it. 4 *Md. Rep.*, 273, *Burtles vs. The State.* But, if the exception is good, the note for $396.15 was not admissible under the pleadings, because it is not such a note as was described in the nar. 3 *Gill*, 190, *Turner vs. Maddox.* 1 *Greenlf's Ev.*, secs. 56, 58, 64, 66.

2nd. It does not appear, from the second exception, that the note of R. G. Mackall, for $500, as therein set forth, was

admitted in evidence by the court below with any objection thereto by the plaintiffs, but the exception states that the plaintiffs objected to the *statement on the back of said note.* If the note itself was admitted without objection, it is too late afterwards to object to the endorsements on it.   Where any part of the evidence offered is admissible as tending to prove the issue, it is error to reject the whole.   3 *Md. Rep.*, 251, *Nailor vs. Bowie.*  6 *Md. Rep.*, 457, *Plank Road Co. vs. Bruce.   Ibid.*, 525, *Warner vs. Hardy.*   Evidence relative to the issue is admissible, though it be insufficient, unless followed or supported by other evidence.   4 *Md. Rep.*, 498, *Marshall vs. Haney.*   The note of R. G. Mackall having been endorsed in blank by Sewell, Janney & Owens, the possession thereof by the appellee, is *prima facie* evidence of title.   1 *Gill*, 127, *Whiteford vs. Burckmeyer & Adams.* Unless *mala-fides* be proved or alleged, the court will not inquire into the consideration of an endorsement.   8 *Gill*, 64, *Merrick vs. Bank of Metropolis.*

Le Grand, C. J., delivered the opinion of this court.

That part of the record which is designated as the first exception of the plaintiffs, is without the *signature* of the judge, having nothing attached to it but a *seal.*   Did the decision of *this* appeal depend entirely on this part of the record, then there would be no difficulty, under the former decisions of this court, in determining that that portion of the record to which we have referred, does not, of itself, constitute an exception, but the facts therein recited are made part of what is designated as the second exception, and the latter is signed as well as sealed by the judge.   We think the recognition by the judge of a *first* exception, by his signing one referring to the facts as therein stated, as part of the one signed, sufficiently authenticates the first to enable this court to notice the facts therein mentioned; and this being so, then the question is, whether the declaration be sufficient to enable the plaintiffs to recover under it, it being conceded that one of the notes given in evidence is not accurately described in it?   Of this we have no doubt.   Many cases might be cited to show that,

on proof of the making and endorsement of a promissory note, an endorsee can recover against the maker on the *money counts*. *Penn vs. Flack & Cooley*, 3 *G. & J.*, 369. *Bank of United States vs. Moss, et. al.*, 6 *Howard*, 31, and the authorities on this point there brought together by Justice Woodbury.

If a recovery could be had under the money counts, then the court erred in refusing to allow the note of $396.15 to be given in evidence. We are also of opinion that the court erred in allowing the note of R. G. Mackall, in favor of Sewell, Janney & Owens, dated the 26th of April 1852, together with the memoranda on its back, to be given in evidence as against the plaintiffs. There is nothing in the record showing that the plaintiffs ever had any connection with that note, or the endorsements on its back, and in the absence of such proof, it is not perceived how their rights are to be affected by it. The notes on which they sought to recover, were dated in 1849, and the presumption is, until the contrary be shown, that they were in the hands of the endorsees (the plaintiffs) before maturity, if not at their date. 6 *Md. Rep.*, 319, *McDowell vs. Goldsmith*. In this connection it is but necessary to say, that we regard the offer of the defendant as embracing both the note of Mackall and the endorsements on it.

*Judgment reversed and procedendo awarded.*

(Decided March 27th, 1861.)