JOSEPH SCHROEDER, trading as JOSEPH SCHROEDER & Co. *vs.* JOSEPH TURNER, Garnishee of JOSEPH E. HERBERT and ELLA HERBERT.

*Promissory note—Endorser before Delivery—Joint maker— Pleading and Proof—Note signed by Firm name—Abbreviation "& Co.," added to a Name.*

A person who endorses a promissory note at the time it is executed, and before it is delivered to the payee, will be treated as a joint maker.

An averment in the affidavit for an attachment and in the declaration filed, that Joseph E. Herbert and Ella his wife are indebted to the plaintiff, is sustained by an exhibition and proof of promissory notes drawn payable to the order of the plaintiff, signed Herbert & Co. and endorsed by the wife, such endorsement having been made before the notes were delivered.

Where a person who does business under a firm name, is sued upon a note signed by such firm name, he must be declared against by his proper Christian and surname.

The abbreviation " & Co.," added to a name, does not necessarily give rise to the presumption of the existence of a partnership.

APPEAL from the Baltimore City Court.

On the 13th of November, 1885, Joseph Schroeder. trading as Joseph Schroeder & Co., caused to be issued out of the Baltimore City Court an attachment against Joseph E. Herbert and Ella Herbert, who were then non-residents, in which three promissory notes, aggregating $316.50, drawn by Herbert & Co. to the order of the plaintiff, and endorsed by Ella Herbert, wife of Joseph E. Herbert, were filed as the cause of action. The attachment was laid in the hands of Joseph Turner, who filed a motion as garnishee to quash the attachment, and reasons in support of the motion. Evidence was offered by the garnishee

tending to prove that Joseph E. Herbert who signed the promissory notes with the signature of Herbert & Co. was in partnership with a certain John Dohme. The Court (STEWART, J.) sustained the motion to quash, and the plaintiff took this appeal.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., for the appellee, and submitted on brief for the appellant.

*William H. Cowan,* for the appellant.

Ella Herbert was a purchaser of the goods for which the notes in question were given, and therefore responsible, independently of the Act of 1882, ch. 265. It was not the debt of the husband alone. A married woman unites with her husband in making an instrument to secure his debt, that will be valid and effectual against her separate estate. *Little vs. Rawson,* 8 *Abb. N. Cas.,* (*N. Y.,*) 253, 258; *Koontz vs. Nabb,* 16 *Md.,* 84; *Conn vs. Conn,* 1 *Md. Ch. Dec.,* 216.

The Court erred in quashing the attachment for the reason that Ella Herbert was a married woman. The notes bound Ella Herbert, notwithstanding she was a married woman, provided she signed them with her husband and with his consent. *Little vs. Rawson,* 8 *Abbott N. Cases,* 258.

The law considers Ella a co-maker of the note, if such was the intent, and it is necessary to effect the contract. *Ives vs. Bosley,* 35 *Md.* 262; *Owings vs. Baker,* 54 *Md.,* 84; *Rice vs. Cook,* 71 *Me.,* 559; *Spaulding vs. Putnam.* 128 *Mass.,* 362; *Woods vs. Woods,* 127 *Mass.,* 141; *Carpenter vs. McLaughlin,* 12 *R. I.,* 270.

*Robert H. Smith,* for the appellee.

If the suit were against Joseph E. Herbert alone on the notes of Herbert & Co., the well known rules of pleading would require that proper averments should be made to

show how the suit could be brought against Joseph E. Herbert on notes drawn by Herbert & Co. This variance, apparent upon the face of the pleadings, is fatal and sufficient to sustain the action of the Baltimore City Court in quashing the attachment. *Mears vs. Adreon & Co.*, 31 *Md.*, 229 ; *Hirsh Brothers vs. Thurber & Co.*, 54 *Md.*, 210.

Dohme was not made a party defendant, constituting with Joseph E. Herbert, the firm of Herbert & Co., and the failure to join him was a fatal omission.

ALVEY, C. J., delivered the opinion of the Court.

It does not appear upon what ground the Court below quashed the attachment; but from the evidence in the record it is made quite clear that there was, in fact, no partnership existing, at the date of the notes sued on, between Joseph E. Herbert and John Dohme, and that the plaintiff did not deal with Herbert as representing a partnership ; and, therefore, it could not have been upon the ground that Dohme was not joined as a party to the action, that the attachment was quashed.

The notes sued upon were dated the 20th of Nov., 1884, and the 16th of Dec., 1884, payable four and six months after date, signed by Joseph E. Herbert as Herbert & Co., and which notes were indorsed on the back by, and with the name simply of, Mrs. Ella Herbert, she being the wife of Joseph E. Herbert, the maker of the notes. It is conceded that at the time the notes were made and before they were delivered to the payee, they were indorsed by Mrs. Herbert, and therefore she is to be treated as a joint maker of the notes, within the principle of *Ives vs. Bosley*, 35 *Md.*, 262.

It is contended, however, that because it is alleged in the affidavit for the attachment, and in the declaration filed, that Joseph E. Herbert and Ella his wife were indebted to the plaintiff, and as evidence of such indebted-

ness the plaintiff has exhibited the promissory notes, signed "Herbert & Co.," therefore there is a fatal variance between the averment of indebtedness, as set out in the affidavit and declaration, and the evidence of the indebtedness exhibited; namely, the notes signed "Herbert & Co.," with the indorsement of the name of the wife on the back. But we do not think that this objection is tenable, upon any sound or substantial principle.

In the absence of statutory prohibition, an individual may do business under the name and style of a firm ; but when he is sued upon a note signed by such trade name or style, he must be declared against by his proper Christian and surname. 1 *Chitt. Pl.* (16 *ed.*) 271, and *note* (*g*). The abbreviation "& Co.," added to the name Herbert, does not necessarily give rise to the presumption of the existence of a partnership (*Robinson vs. Magarity*, 28 *Ill.*, 423 ; *Brennan vs. Pardridge*, (*Sup. Ct. of Mich.*,) 11 *West. Rep.*, 542) ; and the notes, though signed in what would appear to be a partnership name, are shown to be, in fact, the proper notes of Joseph E. Herbert, with his wife as joint maker ; and as such they are declared on by the plaintiff. If, in the counts upon the notes, it were supposed that the notes are not accurately described, the declaration contains the common money counts, under which the notes could be given in evidence. *Lee vs. Tinges*, 7 *Md.*, 215 ; *Penn vs. Flack & Cooley*, 3 *G. & J.*, 369.

The defendants are non-residents, and the action is brought under the provision of the Act of 1872, ch. 270, construed in connection with section 2 of Article 10 of the Code, which latter provision gives the right to proceed by attachment against every person liable to be sued who doth not reside in this State.

We are of opinion that the motion to quash should have been overruled ; and we must therefore reverse the judgment of the Court below, and remand the cause that further

---

proceedings may be taken therein according to regular course.

> *Judgment reversed, and*
> *cause remanded.*