JOSEPH COOPER, and others *vs.* JAMES HOLMES.

*Bills of Exception—Act of* 1872, *ch.* 384—*Act of* 1874, *ch.* 483, (*Art.* 81, *sec.* 52 *of the Code.*)—*Order of Ratification of a Tax sale—Burden of Proof — Secondary evidence— Docket entries—General and Local statutes—Positive testimony—Evidence—Presumptions—Advertisement of Sale —Sufficiency of Description of Property—Lien of Taxes— Life tenant.*

Where several bills of exception are prepared, but only the last one is signed and sealed, if they are sufficiently connected by apt reference, the whole will be regarded as one exception.

Cooper, *et al. vs.* Holmes.

Under the Act of 1872, ch. 384, as amended and re-enacted by the Act of 1874 ch. 483, (Code, Art. 81, sec. 52,) when an order of ratification of a tax sale is produced, the burden of proof is changed, and it becomes necessary for the party assailing the proceedings to show some defect sufficiently grave to vacate them. And the loss of such order, if properly proved, will authorize the admission of secondary evidence of its contents.

Although the docket entries show that an order of ratification was filed, it can only be determined that it was such an order when its contents are made to appear.

When there is some difference between a general and a local statute, wherever they conflict, if they do conflict at all, the local law must prevail.

The local Act of 1882, ch. 317, relating to tax sales, differs from the general law in this respect, that while the latter declares that "the purchaser shall have a good title, "the local law omitting those words provides that "the treasurer shall convey the same in fee-simple to the purchaser." HELD:

1st. That these words are substantially of the same import, and there is no substantial conflict between the general and the local law.

2nd. That the object of both was to give to the order of ratification in each instance, the effect of relieving the purchaser of the *onus* of proof, and casting the *onus* of showing the illegality of the proceedings upon the party resisting the sale.

A prayer is defective which requires a party assailing the validity of a tax sale, to show "by positive testimony" that there was some defect in the sale.

Evidence legally sufficient to establish a fact which renders the sale irregular, is all that the law requires, and less than "positive testimony" will be sufficient for that purpose.

The final ratification of the sale throws upon the party impeaching it the obligation to prove a failure to comply with the provisions of law, and no presumptions can be invoked against the regularity or validity of the sale.

An advertisement of sale showed that the property was situated in a particular district, in a county named, that it contained two hundred acres, more or less, and was called "Pleasant Prospect," and was assessed in the name of J. C. HELD:

That this was a sufficient description.

Taxes are liens upon the property itself and not upon the interest of the life-tenant. If the latter neglect to pay the taxes the property charged with the lien may properly be sold.

There is nothing in our general tax system which compels the collector to examine what title a party has to land with which he is assessed.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the seven following prayers:

1. The defendant having failed to show affirmatively the publication of an order of the County Commissioners authorizing the treasurer and collector to sell any part of the land in dispute, the plaintiffs are entitled to recover all the land mentioned in the declaration, provided the jury find the plaintiffs owned said land at the date of the alleged tax sale.

2. If the jury find from the evidence in the cause that the only property advertised for sale was that known as "Pleasant Prospect," and find that said "Pleasant Prospect" only contains on or about 84½ acres, then the plaintiffs are entitled to a verdict for the recovery of all the land proceeded against, except "Pleasant Prospect," notwithstanding the jury may believe that all the tax proceedings are regular, provided the jury find the plaintiffs owned said land at the date of the said tax sale.

3. If the jury find from the evidence that the advertisement of tax sale offered in evidence was the only advertisement of the property mentioned in the declaration under the sale made by the collector, and the advertisement under which John G. Hall, treasurer and collector, sold said property, then the jury must find that

Cooper, *et al. vs.* Holmes.

the sale thereunder did not divest the title of the plaintiffs, said advertisement not sufficiently identifying and describing the property sold by the collector, and the plaintiffs are entitled to recover; provided the jury find the plaintiffs were the owners of the fee to said property at the time of sale.

4. If the jury believe from the evidence that the taxes for which the tax sale was made, accrued due during the occupancy of John Cooper, the life-tenant, and were due by him, then it was the duty of the collector to have first offered for sale his life estate in said property, before selling the same in fee simple.

5. If the jury find that William Cooper was seized of the lands mentioned in the declaration, under the deeds offered in evidence, died in August, 1842, leaving a last will, which has been offered in evidence, that John Cooper, the life-tenant entered into possession, and remained in continuous and exclusive possession until the tax sale mentioned, and has since died, then the title of the plaintiffs is good to said property, unless divested by the tax sale.

6. If the jury believe from the evidence that the description of the property or advertisement by the tax collector, and under which the property in dispute was sold, was insufficient and improper, then, and in that event, the plaintiffs are entitled to recover.

7. The jury are instructed that the law requires that the property should be so definitely described, that no purchaser could be at a loss to estimate its value; it is not sufficient that such a description should be given in the advertisement, as would enable the person desirous of purchasing, to ascertain the situation of the property by inquiry, nor if the purchaser at the sale had been informed of every fact necessary to enable him to fix a value upon the property, yet the sale would be void, unless the same information had been communicated to the public in the notice.

And the defendant offered the two prayers following :

1. If from the evidence the jury shall find that a final order of ratification of the treasurer's and collector's report of sale of the real estate in dispute in this cause, was passed by the Court, then the verdict of the jury must be for the defendant, unless the plaintiffs show by positive testimony, that there was some defect in said tax sale.

2. That the defendant having shown the final order of ratification of the tax sale of the property in dispute, and the plaintiffs having offered no legal evidence to entitle them to recover, the verdict must be for the defendant.

The Court (STONE, C. J., and BROOKE, A. J.) granted the fifth prayer of the plaintiffs, and rejected their other prayers, and granted the prayers of the defendant.

The plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, and McSHERRY, J.

*William Stanley,* and *Charles H. Stanley,* for the appellants.

*Joseph S. Wilson,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

There are what purport to be four bills of exception in this record. The last is the only one which is signed and sealed by the Judges of the Circuit Court. The questions intended to be presented by the others are consequently not before this Court. Each distinct exception which embraces an independent proposition of law, must be signed and sealed by the Court below before it can be regarded as a valid exception to be considered by this

Court.  *Ellicott vs. Martin, Love & Co.,* 6 *Md.,* 509.
The facts stated in one exception can not be looked to
in disposing of a question raised under another, unless
the two are connected by some apt reference.  *Gist's
Adm'r vs. Cockey & Fendall,* 7 *H. & J.,* 134.  We think
there is sufficient reference to connect these papers,
designated exceptions.  *Hopkins and Hull vs. Kent,* 17
*Md.,* 113; *Baltimore & Ohio R. R. Co. vs. State, use
of Fryer,* 30 *Md.,* 54.  But, if this were doubtful, we
would have no difficulty in treating the record as con-
taining but one exception, in which all the evidence is
set out, and by which the rulings of the Court upon the
prayers and the instructions are alone brought up for
review.  There are no spaces left between these so-called
exceptions and no places provided for the signatures and
seals of the Judges, and they practically and substan-
tially form one continuous and connected narration of
the testimony adduced on the trial.  At the end of what
is numbered the fourth exception appear the signatures
and seals of the Judges.

John Cooper was the owner of a life estate in about
three hundred acres of land lying in Prince George's
County.  This land was assessed to him and in his
name.  The appellants were the owners of the re-
mainder.  Cooper failing to pay the State and county
taxes for several years, the property was sold by the
treasurer and collector of the county for the sum of
five hundred and fifty dollars—a few dollars more than
was needed to pay the taxes in arrear, interest thereon
and costs.  After Cooper's death the remainder-men
instituted an action of ejectment against the appellee,
who claims title under the collector's deed, and this
appeal is taken from the judgment rendered against
them in that case.  All the papers relating to the tax
sale have been lost, and there is no record of them.
Resort was had at the trial to parol proof to establish
their contents.

Cooper, *et al. vs.* Holmes.

Under the Act of 1872, ch. 384, as amended and re-enacted by the Act of 1874, ch. 483, *Code, Art.* 81, *sec.* 52, it has been settled in *Guisebert vs. Etchison,* 51 *Md.,* 478, and in *Stewart vs. Meyer, et al.,* 54 *Md.,* 454, that when a sale has been made by a tax collector, and has been reported to the proper Court and there finally rati-fied, "the order of confirmation operates only to relieve the purchaser of the *onus* of proof, and to cast the *onus* of showing the illegality of the proceedings upon the party resisting the sale. * * * * * Until such proof is offered by the assailing party, the sale, if ratified and confirmed, stands good and effective, by operation of the statute." By this legislation, when an order of ratifi-cation is produced the burden of proof is changed, and it becomes necessary for the party assailing the proceed-ings to show some defect sufficiently grave to vacate them. But it is quite apparent that this is not required until such an order is shown. The loss of the order, if properly proved, would authorize the admission of secondary evidence of its contents. It is stated by Mr. Hill, who prepared the collector's deed to the purchaser, that he procured an order of ratification. The docket entries in the tax sale case also show that such an order was filed. This is all the evidence in the record on that subject. The *contents* of the order are not given or pre-tended to be given. The paper is characterized or de-scribed as an order of ratification; but whether it is such or not can only be determined when its *contents* are made to appear.

What has just been said with regard to the effect of the order of ratification has relation to sales made under the statutes alluded to. It is claimed, however, that the sale in question here was made under a local law, the *Act of* 1882, *ch.* 317, which, it is insisted, does not give to the order of ratification the force and effect accorded it by the *Act of* 1874, *ch.* 483. There is some

difference between the two statutes, and wherever they conflict, if they do conflict at all, the local law must prevail. *Code, Art.* 1, *sec.* 10. The general law declares that if no cause, or an insufficient cause, be shown, the sale shall, by order of the Court, "be ratified and confirmed, and the purchaser shall, on payment of the purchase money, *have a good title to the property sold.*" The local law provides for no order *nisi,* but directs the Court to ratify the sale, if it shall appear that the collector "has complied with the requirements of this Act and the existing laws of the State of Maryland not inconsistent with the provisions of this Act, * * * * either party to have the right of appeal to the Court of Appeals; and if not redeemed within the time prescribed by existing law, the treasurer shall convey the same *in fee simple* to the purchaser thereof.". Whilst the general law declares that the purchaser shall have a good title; the local law, omitting those words, uses others of substantially the same import, viz., "the treasurer shall convey the same *in fee simple* to the purchaser." The difference between the Acts consists rather in the form of expressing the same design, than in any substantially repugnant provisions. We think the object aimed at in both is the same; the modes of declaring it being somewhat dissimilar. That object was to give to the order of ratification in each instance the effect ascribed to it in the cases we have cited.

Upon the state of the proof alluded to, bearing on this branch of the case, the Court instructed the jury as follows: "If, from the evidence, the jury shall find that a final order of ratification of the treasurer's and collector's report of sale of the real estate in dispute in this cause was passed by the Court, then the verdict of the jury must be for the defendant, unless the plaintiffs show by positive testimony, that there was some defect in said tax sale." 2. "That the defendant having

shown the final order of ratification of the tax sale of the property in dispute, and the plaintiffs having offered no legal evidence to entitle them to recover, the verdict must be for the defendant.'' No special exceptions were taken to these instructions. We think the first one bad, because it required the appellants to show by *"positive testimony"* that there was some defect in the tax sale. This is a higher and a different standard of proof than the law exacts. Positive evidence is that which, if believed, establishes the truth or falsehood of a fact in issue, and does not arise from any presumption. It is distinguished from circumstantial evidence. 3 *Bouv. Ins., n.* 3057. The true question in trials of fact is, not whether it is possible that the testimony may be false, but whether there is *sufficient probability* of its truth; that is, whether the facts are shown by competent and satisfactory evidence. Things established by competent and satisfactory evidence are said to be *proved*. 1 *Green. Ev., sec.* 1. But competent and satisfactory evidence is not necessarily *"positive testimony;"* because a fact may be fully established by circumstantial evidence, or by presumption, or by other evidence not designated *testimony*. Evidence legally sufficient to establish a fact which rendered the sale irregular, was all that the law required; and the restricted character of evidence, viz., *"positive testimony,"* named in the instruction, was entirely too narrow.

The second instruction is open to a more serious objection. By it the Court directed the jury as matter of law, that from the evidence before them, there had been a ratification of the collector's sale. It was a conclusion or inference of law drawn from and based upon the facts proved. In our opinion this conclusion was erroneous. The evidence in the case did not warrant it. The instruction is open to objection, not because it assumed a fact not proven, but because it announced a

legal conclusion not justified by the facts in evidence. As we have stated, the *contents* of the order of ratification were not pretended to be given. Whether, when shown, they would have amounted to a valid order of ratification, can only be a matter of conjecture, as the record now stands. The Court could not give to the order, mentioned by Mr. Hill, the effect of a complete and formal order of ratification, in the absence of all evidence as to whether it was such in fact or not. It could not, upon a mere characterization of the paper by a witness, rule as matter of law, that the paper was, in fact, what it was only described to be. That was substituting the opinion or conclusion of the witness as to the effect of the paper for evidence of its actual contents.

There was no error committed in rejecting the prayers of the appellants. The second and sixth submitted questions of law to the jury. The second left it to the jury to find whether the tax proceedings were regular, and the sixth, whether the collector's advertisement was insufficient and improper. The first imposed upon the appellee the duty of showing that the County Commissioners had passed an order directing the sale, and sought to preclude a recovery, because no evidence had been offered on that subject. But, as we have said, the final ratification of the sale throws upon the party impeaching it the obligation to prove a failure to comply with the provisions of the law, and no presumptions can be invoked against the regularity or validity of the sale. The third prayer declared that the advertisement did not sufficiently identify and describe the property. The whole advertisement is not set out in the record. That portion which is given shows that the property was situated in Bladensburg district in Prince George's County; that it contained two hundred acres, more or less, and was called "Pleasant Prospect," and was assessed in the name of John Cooper. This was a sufficient description,

and there was no error in rejecting the prayer. The seventh prayer, whilst entirely correct as an abstract proposition of law, *Alexander vs. Walter*, 8 *Gill*, 261; *Ronkendorff vs. Taylor's Lessee*, 4 *Pet.*, 362, was properly rejected, because it submitted no facts to the jury, and in reality permitted the jury to determine whether, under the principles laid down by the prayer, the advertisement was sufficient. The fourth prayer could not have been granted. Taxes are liens upon the property itself, and not upon the interest of the life-tenant. If the latter neglects to pay the taxes the property charged with the lien may properly be sold. There is nothing in our general tax system which compels the collector to examine what title a party has to land with which he is assessed. The assessments are made by other officers, and he is not required to review or to verify their proceedings before making a sale.

For the errors indicated the judgment will be reversed and a new trial awarded.

*Judgment reversed, and
new trial awarded.*

(Decided 10th May, 1889.)