## DAVIS *vs.* LEAB.—*June*, 1830.

This Court, since the Act of 1825, ch. 117, so far as regards the common law cases, is strictly an appellate Court, deciding every cause upon the question submitted below, and upon none other.

So where after the evidence had been all offered in the County Court, the defendant prayed the Court to instruct the jury, that the plaintiff was not entitled to recover, and the Court gave the instruction, but the record did not show the point upon which that Court acted, this Court can neither reverse nor affirm—in such case the appeal must be dismissed.

L upon an award in his favor, wrote the following order: " M will please pay D, or order, the above award of $289, with interest, which sum I guarantee to said D for value received, this 10th September, 1822. L." In October, 1822, D presented the order to M, which was not paid.   In August, 1824, he obtained judgment upon the award against M, who at that time was and ever since has been insolvent.   In November, 1823, D informed L of M's failure,·and required payment of L, which was refused.   In June, 1824, D sued L.   HELD, that he could not recover.

PER FREDERICK COUNTY COURT.

APPEAL from *Frederick* County Court.

This was an action of *Assumpsit* commenced on the 28th of June, 1824, by the appellant, *Ignatius Davis*, against the appellee, *Jacob Leab*, on a guarantee.   The defendant pleaded *non assumpsit*.

1. At the trial the plaintiff offered in evidence the following award, and the order and guarantee thereunder written.   " We, the subscribers, arbitrators appointed by

*Jacob Leab* and *Ezra Mantz*, in the settlement of accounts, of *Jacob Leab* against *Francis Ritchie*, from the commencement to the last date of the account: do award that *Ezra Mantz* pay unto *Jacob Leab*, or order, thirty days from the date hereof, $289 current money, being the balance we have allowed due *Jacob Leab*, on the accounts of *Francis Ritchie:* witness our hands, this 30th of May, 1820. *Isaac Mantz, Ns. Turbatt.*" "Mr. *Ezra Mantz* will please to pay *Ignatius Davis*, or order, the above award of $289 with interest. Which sum I guaranteed to said *Davis*, for value received, this 10th of September, 1822. *Jacob Leab*." Having first proved that *Jacob Leab* the defendant, signed and delivered the same to the plaintiff, at the time it bears date. The plaintiff further proved, that after the delivery to him of said award and order, he called on *Ezra Mantz*, the person therein named, for payment of said award, some time in the month of October, 1822, who promised to do so, as soon as he could get money enough for that purpose. That the said *Ezra Mantz* failing to pay the amount of said award and order to the plaintiff, he instituted suit against him in *Frederick* County Court, to October term, 1823, upon which he obtained judgment at August term, 1824, for the amount thereof. He further proved, that at the time said judgment was obtained, and ever since, the said *Mantz* was, and still is insolvent. That on the first day of November, 1823, the plaintiff called on the defendant and informed him of the failure of said *Mantz* to pay to him, the said award and order, and demanded payment thereof from the defendant, who refused to pay the same, and thereupon this suit was instituted. The defendant then prayed the Court to instruct the jury, that upon the evidence offered by the plaintiff, he is not entitled to recover. Which instruction the Court, (SHRIVER, and TH. BUCHANAN, A. J's.) gave. The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff prosecuted the present appeal.

Davis vs. Leab.—1830.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, and ARCHER, J.

*F. A. Schley*, for the appellant.

The only question in this case is, whether the guarantee of the appellee is to be treated, as would be treated the con-tract of an endorser of a bill of exchange. It was never contemplated by the parties to this contract, to change the relation which subsisted between them. *Leab* is still to be viewed as the debtor of *Davis*. The contract of the for-mer. does not rest upon the mere implication of law—it is express, and the Court can do nothing but enforce it. *Cutter vs. Powell*, 6 *Term. Rep.* 320. *Cates vs. Night*, 3 *Term. Rep.* 444. The responsibility of an endorser simply, is regulated by law; which to fix his liability, re-quires certain things to be done, and in the absence of any express contract, reference is supposed to be had to the implied one; but the party here has expressed his engage-ment, and the Court cannot introduce stipulations, and impose duties, which are not to be found in the contract itself, as written. *Leab's* obligation was unqualified, that the money should be paid, and nothing but payment can be a compliance. He is to be regarded, either as a principal, or security—if as a principal the case is at an end—if as a surety, then forbearance of the principal will not discharge him, he being considered a guarantor, and bound to see the money paid. *Wright vs. Simpson*, 6 *Ves.* 734. *Bank of New-York vs. Livingston*, 2 *Johns. Cases*, 409. *Nelson vs. Dubois*, 13 *Johns. Rep.* 175. *Murray vs. King*, 7 *Serg. and Low.* 57. (5 *Barns. and Ald.* 165.) There is a guar-antee in every endorsement, but it is a commercial guaran-tee, and is governed by commercial rules—it is by impli-cation of law, and has no analogy to an express and positive engagement. *Campbell vs. Butler*, 14 *Johns. Rep.* 349. *Tillman vs. Wheeler*, 17 *Johns. Rep.* 326. *Allen vs. Right-mere*, 20 *Johns. Rep.* 365. *Cumpston vs. M'Nair*, 1 *Wend.* 457. *King vs. Baldwin*, 2 *Johns. Ch. Rep.* 559.

*Bigelow's Dig.* 638. *Upham vs. Prince*, 12 *Massa. Rep.* 15.

*Palmer*, for the appellee, contended, 1. That the contract on which the suit was brought, was to be viewed as an accepted bill of exchange, payable on demand. To constitute a bill of exchange no form of words is necessary ; it is sufficient, if there be a direction to the drawee to pay the money to the payee. *Chitty on Bills*, 53. 2. No time of payment being expressed, it was payable on demand. *Chitty on Bills*, 345. *Gracie vs. N. Y. Ins. Co.* 8 *Johns. Rep.* 189. *Jackson vs. Ketchum, ib.* 374. 3. Being payable on demand, it should have been presented in a reasonable time, and notice of non payment given. *Chitty on Bills*, 446. *Darbishire vs. Parker*, 6 *East. Rep.* 4, 9. 2 *Caine's*, 369. *Cruger vs. Armstrong and Barnwall*, 3 *Johns. Cases*, 5. 4. Every endorsement contains in itself a guarantee by legal operation. In an ordinary case, the holder of a bill is bound to demand payment in a reasonable time, and give notice ; the reason is, that the drawer may have an opportunity of getting his funds from the drawee : now does not the same reason apply to a case, where a word which the law would imply is introduced by the parties? *Hollrow vs. Wilkins*, 1 *Barn. and Cres.* 10. A guarantee is a conditional undertaking, and due diligence must be used to get the money from the party primarily liable, else the guarantor is discharged. *Mantz* having accepted the bill, became the debtor of *Davis*, and *Leab* could take no steps to recover the money : *Davis* held the bill so accepted for more than 12 months. Notice must be given in the case of an express guarantee, provided the drawee be solvent when the debt becomes due. *Chitty on Bills*, 265. *Nicholson vs. Gonthet*, 2 *H. Black.* 609. *Philips vs. Astling, et al.* 2 *Taunt.* 206. *Fell on Gua.* 1. 2 *Stark. Ev.* 258. *Warrington vs Furbor*, 8 *East.* 245. 9 *Serg. and Rawl.* 198. 6 *Connect. Rep.* 81, (new series.) *Bridges vs. Berry*, 3 *Taunt.* 130. 3 *Maul. and Selw.* 362. *Bayly on Bills*,

138.   A guarantee is not equivalent to an absolute pro-
mise to pay—it is conditional. *Mitchell vs. Dall,* 2 *Harr.
and Gill,* 175.   4 *Conn. Rep.* 244.   2 *Caine's Rep.* 345.
*French's Executrix vs. Bank of Columbia,* 4 *Cranch.* 161.
*Philips vs. Astling, et al.* 2 *Taunt.* 206.  2 *Conn. Rep.* 424.
5. But if this is to be considered as an assignment of the
award mentioned in the order, still it was necessary to use
due diligence, and   prove insolvency in the party by
whom, according to the   award, the money was to be paid.
*Parrott vs. Gibson,* 1 *Harr. and Johns.* 398.   *Boyer vs.
Turner's Adm'r* 3 *Harr. and Johns.* 285.   2 *Wash.
Va. Rep.* 113.   2 *Call. Rep.* 497.   2 *Henn. and Mumf.*
113, (*note.*)   2 *Wilson,* 358.   *Clark vs. Young and Co.*
1 *Cranch,* 181.   The word guarantee in the assignment
does not vary the case. 16 *Serg. and Rawle,* 79.   6. If
this is no bill of exchange, then it  is a promise to pay the
debt of another ; and  if so, the consideration, as well as
the promise, must be in writing.  *Elliott vs. Giese,* 7 *Harr.
and Johns.* 457.  *Wain. vs. Walters,* 5 *East.* 10.  *Keonard
vs. Bredenburgh,* 8 *Johns.* 29.  *Fell on Gua.*   337.  *Chitty
on Bills,* 5.

ARCHER, J. delivered the opinion of the Court.

The act of 1825, *ch.* 117, had for its object the prevention
of the reversal of judgments, unless upon the very questions
submitted to the tribunals below; and was intended to
remedy the evils flowing from the raising of points above,
and assigning the same for error, which were never agitated
below, and which, if they had been, could easily have been
remedied by amendment of the pleadings, or otherwise, but
which remedy was entirely lost to the party after the
cause was in the appellate Court.   The Legislature intend-
ed to make this Court, so far as regarded the common law
cases, strictly an appellate Court, deciding every cause
upon the questions submitted below, and upon none other.
If general prayers are allowable, it is obvious that the
mischiefs intended to be remedied by the act will not at
all be obviated, because upon a general prayer, it is impos-

sible to ascertain from the record, the point which was presented to the Court below, and upon which they decided, and we should be perpetually discussing and deciding points, which may or may not have been acted on in the subordinate Courts. The record here does not show the point upon which the Court acted; in such a case, we can neither *reverse* or *affirm*, but to effectuate the objects of the Legislature, we can dismiss the appeal, it being their intention, not that we should in such a case, continue the cause on our docket without the power of action, but that we should not entertain the appeal, unless the record showed the point appealed from. In this view of the act of Assembly, and of the prayer in this cause, it follows that the appeal must be dismissed.

APPEAL DISMISSED.