(Decided 15th January, 1877.)

---

## THE BALTIMORE AND OHIO RAILROAD COMPANY *vs.* LUKE MULLIGAN.

*Contributory negligence. Duty of a Railroad company to exercise reasonable care to avoid Running over cattle Trespassing upon its road—Reasonable care, a question for the Jury—Power of the Court to set aside a Verdict not warranted by the evidence.*

Mere negligence or want of care on the part of the plaintiff, will not preclude his right to recover in an action for damages resulting from negligence, provided the defendant might by the exercise of ordinary care on his part have avoided the consequences of the neglect or carelessness of the plaintiff.

A railroad company is entitled to the exclusive and unmolested use of its road, and it is the duty of owners to keep cattle within their enclosures; but the failure to do so will not justify persons in the charge and management of a railway train, in running over them if by the exercise of ordinary care this can be avoided.

It is the duty of the company to exercise reasonable care to avoid injury to cattle or stock found on its road, though such cattle and stock may be there through the negligence of the owner.

What is reasonable care is a question for the jury, to be determined according to the facts and circumstances of each particular case.

It cannot be presumed that the jury will always find against the company in such cases, and if the jury should render a verdict not warranted by the evidence it is in the power of the Court to set it aside and grant a new trial.

APPEAL from the Circuit Court for Allegany County.

The appellant was sued by the appellee to recover damages sustained by the loss of his cow, which was run over and killed by the cars of the defendant. It was admitted that the cow when struck was unattended by any one.

*Exception.*—At the trial the plaintiff offered the three following prayers:

1. That notwithstanding the presence of the cow of the plaintiff on the public highway, if the jury shall find she was on the highway crossed by the railroad, unattended at the time she was killed, is evidence of negligence on the part of the plaintiff, yet it is not such conclusive evidence that the cow met her death by reason of such negligence, as would debar the plaintiff's right of recovery, but if the jury shall find, that by the use of ordinary care on the part of the defendant or its servants, the accident might have been avoided, then the plaintiff may recover, notwithstanding such negligence on his part.

2. That if the jury find from the evidence in the cause that the engine of the defendant struck and killed the cow of the plaintiff whilst she was on Greene street, crossing the road of the defendant, and that the engineer on said

train saw said cow as testified, and did. not ring the bell or blow the whistle, and gave no other signal except the opening of the cylinder valves ; and if they further believe that the opening of said valves were not for the purpose of driving said cow off of said track, but merely in order to get up the grade, (if any they should find,) and that all trains use the same means of getting up said grade, then the omission to give the proper signals in order to frighten said cow from the track, is negligence, which will render the defendant liable, if they further believe said accident was the direct and immediate result of said omission on the part of the defendant, [but if the jury shall find that the opening of said cylinder valves, whether opened for the purpose or not, were reasonably calculated to frighten said cow from the track, such act was the exercise of reasonable care on its part.]

3. That if the jury believe from the evidence in the cause that the plaintiff allowed his cow to run at large, and that at the time of the accident she was crossing the road of the defendant at Greene street unaccompanied, still if they further believe that the defendant was guilty of negligence, and that said negligence directly contributed to the killing of said cow without any other contributing negligence of the plaintiff, then the plaintiff is entitled to recover.

And the defendant offered the following prayers :

1. That if the jury shall believe from the evidence in the cause, that the plaintiff's cow was at large and outside of his enclosure, with no one in attendance upon her at the time she was killed by the cars of the defendant, then the plaintiff was in law guilty of negligence in so permitting his cow to be at large and beyond his enclosure with no one in attendance upon her, and he is not entitled to recover, even if they should further find that the agents of the defendant were guilty of negligence in the management of its train.

2. That if the jury believe from the evidence in the cause that the cow of the plaintiff was killed by the engine of the defendant, under the alleged charge of its agents, and that the cow at the time it was killed was on the railroad track of the defendant, and outside of the close of the plaintiff, with no one with her to take care of her, then the plaintiff is not entitled to recover.

3. That if the jury believe from the evidence that the said cow of the plaintiff was killed by the engine of the defendant, under the charge of its agents, and that the cow was on the railroad track of the defendant through any negligence of the plaintiff to keep the cow within his close, the plaintiff is not entitled to recover.

4. That if the jury believe from the evidence that the cow when killed was at large and beyond and outside of the plaintiff's close, with no person in charge of it, then the plaintiff was guilty in law of negligence in so allowing his cow to be at large and outside of his close.

5. That if the jury shall believe from the evidence that the plaintiff's cow at the time she was killed was by herself, and no one in charge of her, and was outside of the enclosure of the plaintiff, then the plaintiff was guilty of concurrent negligence, and is not entitled to recover, even if they should find that the agents of the defendant were guilty of negligence in the management of its train.

6. That if the jury shall find that the cow was not standing on the road of the defendant, when first seen by the engineer, and that she was standing on the line of the Cumberland and Pennsylvania Railroad, and that she did not go upon the defendant's road, until the engine was so near her that it could not be stopped before reaching her, and that the engineer in charge of the engine used ordinary care in endeavoring to scare the cow from the track, then the plaintiff cannot recover. And that if they find that as soon as the engineer saw the cow go upon the defendant's track, he blew off steam to frighten her

from the track, such conduct upon the part of the engineer under the facts above stated, was the exercise of due diligence on his part.

7. But if the jury shall find that because of the presence of the cow on the highway (if they shall find at the time of the accident she was upon the highway,) unattended, the accident could not have been avoided by the use of ordinary care and prudence on the part of the defendant or its servants, then its presence on said highway unattended, is evidence of such negligence on the part of the plaintiff as will prevent his recovery in this case.

The Court (PEARRE, J ,) granted the plaintiff's first and third prayers, and rejected his second prayer as offered, and granted it as amended by the part contained in brackets; and granted the defendant's fourth, sixth and seventh prayers, and rejected its first, second, third and fifth prayers. The defendant excepted.

The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE and ROBINSON, J.

*A. B. McKaig* and *John K. Cowen,* for the appellant.

*Benjamin A. Richmond* and *A. H. Blackiston,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The question of *contributory negligence* has been considered so often by the Courts, that one might reasonably suppose the law in regard to it, ought by this time, to be pretty well settled; and yet it seems, that in this State, the question is still open for discussion.

The plaintiff is here claiming damages for a *cow,* killed on the railroad track of the defendant, and the latter con-

tends, that if the owner permitted or suffered the cow to stray upon the track of the railroad, such negligence on his part, constitutes a bar to the action. On the other hand, it is insisted, that although the cow may have been upon the road *wrongfully*, yet the plaintiff is entitled to recover, if the jury should find that the defendant might, by the exercise of ordinary care, have avoided the injury. So the broad question is presented, whether a railroad company is bound to exercise ordinary care, in order to avoid injury to cattle or other stock found trespassing upon its road? It seems to us there ought not to be any difficulty in deciding this question, and yet it must be admitted that the decisions, in this country at least, are somewhat conflicting. We think, however, the best considered cases, both in England and here, hold the law to be, that mere negligence or want of ordinary care on the part of the plaintiff, will not preclude his right to recover, provided the defendant might, by the exercise of ordinary care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff.

So early as *Butterfield vs. Forrester*, 11 *East*, 60, Lord ELLENBOROUGH, C. J., said:

"One person being in fault will not dispense with another's using ordinary care for himself."

And then in *Davies vs. Mann*, 5 *Mees. & Wels.*, 546, Lord ABINGER said :

"As the defendant might, by proper care, have avoided injuring the animal and did not, he is liable for the consequences of his negligence, though the animal may have been improperly there."

And then again, in *Mayor, &c. of Colchester vs. Brooke*, 7 *Ad. & Ell.*, (*N. S.*,) 377, Lord DENMAN said :

"As a general rule of law, every one in the conduct of that which may be harmful to others, if misconducted, is bound to the use of due care and skill, and the wrong-doer is not without the pale of the law for this purpose."

These cases were reviewed, and the question fully considered by the Court of Exchequer Chamber, in *Tuff vs. Warman*, 94 *Eng. Com. Law Rep.*, 573, and it was held, that mere negligence or want of ordinary care on the part of the plaintiff, would not disentitle him to recover, if the defendant might, by the exercise of ordinary care and caution, have avoided the neglect or carelessness of the plaintiff.

The rule thus laid down has been sanctioned and approved by the highest Courts in several States in this country, and we think it a just and reasonable one. *State vs. Railroad*, 52 *N. H.*, 528; *Kerwhacher vs. Cleveland, Columbus and Cincinnati R. R. Co.*, 3 *Ohio State*, 172; *Evansville, &c., R. R. Co. vs. Hiatt*, 17 *Indiana*, 102; *Vicksburg and Jackson R. R. Co. vs. Patton*, 31 *Mississippi*, —; *Beers vs. Housatonic R. R. Co.*, 19 *Conn.*, 572.

It is a duty resting upon every one, so to conduct himself, and so to use his own property, as not to inflict unnecessary and avoidable injury upon the person and property of another. A railroad company, it is true, is entitled to the exclusive and unmolested use of its road; and it is the duty of owners to keep cattle within their inclosures, but the failure to do so, will not justify persons in the charge and management of a railway train to run over them, if by the exercise of ordinary care it can be avoided.

The owner of land is also entitled to its exclusive use, and has the right to expel cattle or other stock trespassing upon it, but in so doing he has no right to inflict unnecessary injury. So too, cattle found upon a public highway, strictly speaking, may be said to be there unlawfully, and yet no one has the right to run over and injure them, if it can be avoided by the exercise of *reasonable care*. We see then no good reason why railroad companies should be exempt from this common and universal obligation. We do not mean to say, they are obliged to observe the same particular acts of caution required of persons travelling on

an ordinary highway.    We recognize the fact, that they have duties of a public nature to perform, and we are not to be understood as deciding, they are obliged necessarily to stop the trains and thereby miss their connections, much less to endanger in any manner the safety of passengers. No one has the right to complain of injury to cattle or other stock which he has permitted to stray upon a railroad track, unless such injury can be avoided, consistently with these *higher and paramount duties resting upon the company.* What we mean to say and decide is this, that it is the duty of the company to exercise reasonable care to avoid injury to cattle or stock found on its road, though such cattle and stock may be there through the negligence of the owner. What is *reasonable care,* is a question for the jury, to be determined according to the facts and circumstances of each particular case.    But it may be said, this rule affords no protection to the company, because a jury will always find in favor of the plaintiff.    This, however, we cannot presume, and if the jury should render a verdict not warranted by the evidence, it is in the power of the Court to set it aside and grant a new trial.

The cases of *Lamborn,* 12 *Md.,* 259, and *Keech,* 17 *Md.,* 45, are not, we think, in conflict with these views. In the former it was held, that the Acts of 1838 and 1846, which made railroad companies responsible for injuries to cattle and other stock, unless the *companies proved* that the injury was the result of *unavoidable accident,* did not apply to a case in which the plaintiff's negligence had directly contributed to the injury.    But in *Keech's case* it was decided, that if the horse was upon the railroad track *without the fault of the plaintiff,* these Acts did apply, and it was incumbent on the company to prove that the injury was the result of unavoidable accident.    It is true, the Court said, as a general rule a plaintiff will not be entitled to recover, if his negligence *directly* contributed to the injury complained of, but the precise question pre-

sented by the prayers in this case, whether it is the duty of a railroad company to exercise reasonable care to avoid the consequences of the plaintiff's negligence, was not considered nor decided.

Since these cases, the rule we have laid down has been distinctly recognized and approved by this Court, and it must be considered as the settled law of this State. See *Price's Case*, 29 *Md.*, 420; *State, use of Dougherty vs. Baltimore and Ohio R. R. Co.*, 36 *Md.*, 366, and *Lewis vs. Baltimore and Ohio R. R. Co.*, 38 *Md.*, 588. Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 17th January, 1877.)