(Decided 1st February, 1883.)

THE WESTERN MARYLAND RAILROAD COMPANY *vs.* FRANK CARTER.

*Railroad Company—Injury to Stock—Negligence—Contributory·*
*negligence—Prayer and instruction.*

Upon proof of injury to the stock of the plaintiff by a Railroad. Company, a *prima facie* case is made, and the plaintiff is entitled under the statute, (Art. 77, sec. 1, of the Code,) to recover, unless. the defendant can prove to the satisfaction of the jury, "that the injury complained of was committed without any negligence on the part of the company or its agents."

If, however, the plaintiff has by his own negligence or misconduct, contributed, directly and immediately, to the production of the· injury complained of, he is regarded as the author of his misfortune, and he is as much precluded from recovering damages therefor since the statute as before. But if he merely allow his stock to· escape from his enclosure, and to stray at large unattended, and thus get upon the railroad of the company, and there be injured,— while the entry of the stock upon the road may be an act of negligence, as well as trespass, on the part of the plaintiff, in thus. allowing his stock to stray at large unattended,—such negligence is not of that direct and proximate character as to be so contributory to the production of the injury as to preclude the plaintiff the right to recover, if the accident could have been avoided by the use of reasonable and proper care on the part of the defendant or its agents, under the circumstances of the case.

A prayer, "that upon the pleadings and all the evidence in the cause, the plaintiff is not entitled to recover," is too general; and quite different from the prayer or instruction, that there is no evidence *legally sufficient* upon which the plaintiff can recover, or that there is no *legally* sufficient evidence of a particular fact. By such instruction the point decided is simply the *legal insufficiency* of the evidence to be considered by the jury.

APPEAL from the Circuit Court for Carroll County.

The nature of the case is stated in the opinion of the Court.

*First Exception.*—The defendant offered to prove by John H. Baum, a competent witness, who was foreman of the sixth division of the defendant's road, that he had, on two or three occasions previous to the accident by which the colt was killed, notified Airheart Winters, (who testified in this cause, on the part of the plaintiff,) that said colts were in the habit of trespassing on the defendant's roadway, and that they were in the habit of going in and out of said field at the crossing, and across the defendant's roadway, but the plaintiff objected to said proof offered, and the Court (HAYDEN, J.,) sustained the objection, and refused to permit it to be given. The defendant thereupon excepted.

*Second Exception.*—The plaintiff offered five prayers and the defendant nine. The Court rejected the prayers both of the plaintiff and defendant, and in *lieu* thereof gave its own instructions. The defendant excepted to the rejection of its prayers and to the instructions given by the Court.

The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before MILLER, YELLOTT, STONE, ALVEY, IRVING, and RITCHIE, J.

*Charles B. Roberts,* for the appellant.

*George M. Pearce,* and *J. A. C. Bond,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

This action was brought to recover of the defendant the value of a colt, alleged to have been killed on the railroad of the defendant by the negligence of its employés.

The first question presented on the record arises upon the rejection of evidence offered by the defendant, and which was the subject of the first bill of exception. But the materiality of the evidence offered is not perceived; and besides it was made quite unimportant to the defendant, even if it had been material, inasmuch as the same facts sought to be proved had been given in evidence on the part of the plaintiff. The defendant, therefore, was in no manner injured by the ruling of the Court, as stated in this bill of exception.

The main question in the case arises upon the prayers offered by the defendant and which were rejected by the Court, and upon the instructions of the Court given in lieu of the prayers rejected.

The statute upon this subject provides, that " Railroad companies shall be responsible for injuries, resulting in death or otherwise, inflicted upon any stock, as cattle, horses, sheep, hogs, &c., or by fire occasioned by their engines or carriages, upon any of their roads, and the branches thereof, *unless the said companies can prove,* to the satisfaction of the justice or other tribunal before which the suit may be tried, *that the injury complained of was committed without any negligence on the part of the company or its agents."* Code, Art. 77, sec. 1.

This statutory provision has been under consideration in several cases in this Court, and the construction adopted, according to the plain language of the statute, is that when stock is killed or injured by a railroad train, the law imputes negligence to the agents of the company, and in order to relieve itself from liability it is incumbent upon

the company to show that the damage complained of was the result of an accident that could not have been avoided by the use of reasonable and proper care, and that such care was in fact exercised to avoid the injury. The common law rule, which required the plaintiff to show affirmatively that the injury was caused by the negligence of the defendant, is changed by the statute, in cases like the present, and the *onus* of proof, instead of resting on the plaintiff, to show negligence, is imposed on the defendant, to show the absence of negligence, on its part, by way of defence. The statute, however, has not changed the common law rule in respect to contributory negligence on the part of the plaintiff in such actions. If, therefore, the plaintiff has, by his own negligence or misconduct, contributed, directly and immediately, to the production of the injury complained of, he is regarded as the author of his misfortune, and he is as much precluded from recovering damages therefor since the statute as before. *Railroad Co. vs. Lamborn,* 12 *Md.,* 257 ; *Keech vs. Railroad Co.,* 17 *Md.,* 32. But if he merely allow his stock to escape from his enclosure, and to stray at large unattended, and thus get upon the railroad of the company and there be injured,—while the entry of the stock upon t e road may be an act of negligence, as well as a trespass, on the part of the plaintiff, in thus allowing his stock to stray at large unattended, yet such negligence is not of that direct and proximate character as to be so contributory to the production of the injury as to preclude the plaintiff the right to recover, if the accident could have been avoided by the use of reasonable and proper care on the part of the defendant or its agents, under the circumstances of the case. *Railroad Co. vs. Mulligan,* 45 *Md.,* 486.

Here, according to the proof in the case, the colt had strayed from the field where it had been placed to pasture, and it had been found and was being driven back along the highway, which crossed the railroad of the defendant.

According to the proof on the part of the plaintiff, it was immediately at the road crossing that the accident occurred; but according to the proof on the part of the defendant, the colt was not struck at the crossing, but at a point lower down on the railroad. But whether the accident occurred at the one point or the other, the whole matter resolved itself into a single question, and that was, whether the employés of the defendant could have avoided the accident by the use of reasonable and proper diligence, after they could, by careful watch, have discovered the colt and the peril in which it was placed? Upon this question the testimony was conflicting, but it appears to have been fully and fairly submitted to the jury, and they have found adversely to the defendant.

The defendant does not insist upon its first, second, third and fourth prayers; and the fifth, sixth and seventh, we think, were radically defective, and were therefore properly rejected.

By the fifth prayer, it was sought to get the Court to instruct the jury, that it was negligence in law, and such as to defeat the action, that the boy, who was sent after the colt, drove it along the public road to the railroad crossing, without having first sought to ascertain whether the train was approaching. This proposition was clearly untenable. The question of contributory negligence, in a case like the present, and upon the state of facts set forth in the prayer, was clearly one of fact for the jury. 12 *Md.*, 262.

By the sixth prayer, the Court was asked to say, that if after discovering the colt, the employés of the defendant in charge of the train could not have stopped the train so as to avoid striking the colt, the plaintiff could not recover. But the Court was right in rejecting this prayer also, because it failed to submit to the jury to find whether the employés were diligent in the use of all other means in their power of avoiding a collision; such as the sounding the whistle, and the ringing of the bell.

The seventh prayer is even more faulty, for it entirely omits any reference whatever to the evidence to show negligence on the part of the defendant, and fails wholly to define the nature of the negligence of the plaintiff upon which the prayer is based. As we have already stated, it is not every act of negligence of the plaintiff, however indirect and remote, though contributing in some degree to the occurrence of the accident, that will defeat the action. Notwithstanding the negligence of the plaintiff, if the defendant, by the use of reasonable and proper care, under the circumstances of the case, could have avoided the accident, it was bound to do so. Indeed, all these prayers seem to have been framed entirely without reference to the principle declared by the statute, that upon proof of the injury to the stock of the plaintiff by a railroad company, a *prima facie* case is made, and the plaintiff is entitled to recover, unless the defendant can prove to the satisfaction of the jury, " that the injury complained of was committed without any negligence on the part of the company or its agents."

The eighth prayer was strictly correct; but it was fully embraced by the instructions that were given by the Court, and the defendant was in no way injured by its refusal.

The ninth prayer, " That upon the pleadings and all the evidence in the cause, the plaintiff is not entitled to recover," is entirely too general. No question upon such prayer can be raised in this Court. *Davis vs. Leab,* 2 *G. & J.,* 302 ; *Penn vs. Flack,* 3 *G. & J.,* 369; *Tyson vs. Shueey,* 5 *Md.,* 553. It is quite different from the ordinary prayer or instruction, that there is no evidence *legally sufficient* upon which the plaintiff can recover, or that there is no *legally* sufficient evidence of a particular fact. By such instruction the point decided is simply the *legal insufficiency* of the evidence to be considered by the jury.

In the three instructions given by the Court, upon the rejection of all the prayers offered by both sides, we think

the defendant got the fullest benefit of the law, and in a. form as favorable as it could in reason require. In the first of these instructions there was certainly nothing of which the defendant could complain, and we do not understand that it is seriously objected to. It is the second of these instructions of which the greatest complaint is made ; and by that instruction the jury were informed that if the colt was on the defendant's road by reason of the negli-- gence or want of ordinary care of the plaintiff's agent, but notwithstanding such negligence or want of ordinary care, the accident might have been avoided by the use of ordinary care on the part of the defendant's agents, the plaintiff was entitled to recover. There is nothing in this proposition of which the defendant has any just ground of complaint. It is in accordance with the principle that we have already stated, and with the previous decisions of this Court. Then follows the third instruction, which directed the jury that if they found from the evidence that the defendant's agents in charge of the train exercised reasonable and ordinary care, and that the accident whereby the colt was killed was unavoidable, then the plaintiff was not entitled to recover, and their verdict. should be for the defendant. This instruction was iden-- tical with the eighth prayer of the defendant, and the latter, therefore, could have no ground of objection to it.

It follows that the judgment must be affirmed.

*Judgment affirmed.*

(Decided 1st February, 1883.)