THE NORTHERN CENTRAL RAILWAY COMPANY *vs.*
ELLA WARD.

*Article 77, section 1, of the Code—Imputation of Negligence—*
*Burden of Proof—Contributory negligence.*

In an action brought under section 1, of Article 77, of the Code, neg-
ligence is imputed to the railroad company, and the burden of
proof is on the company to negative this imputation, and to estab-
lish affirmatively that the injury complained of, resulted from a
disaster which could not have been avoided by the use of proper
care and diligence on the part of its agents, and that such proper
care and diligence were observed by them.

In such an action the plaintiff is relieved from the common law obli-
gation of showing affirmatively the negligence of the defendant.
It is to be assumed, in virtue of the statute, that the injury sus-
tained was caused by the defendant's negligence, in the absence of
satisfactory proof to the contrary.

In an action under Article 77, of the Code, to recover damages from
a railroad company, for killing the plaintiff's colts, the plaintiff is.
entitled to recover, though guilty of negligence in allowing the
colts to be on the railroad track, if the proof show that the killing
could have been avoided by the observance of proper care and
caution on the part of the defendant's agents.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiff offered five prayers, the first
and second of which, having been refused by the Court,
are omitted. The others are as follows :

3. If the jury find that the colts mentioned in the dec-
laration belonged to the plaintiff, that they got upon the
railroad track of the defendant by reason of the negligence
or want of care on the part of the witness, Ward, and the

boy, spoken of by said witness as riding in front of said colts, and that while on said track the colts were killed by a locomotive or train of cars passing over defendant's railroad; and shall further find that the killing of said colts could have been avoided by the use of ordinary and proper care on the part of the defendant's employés in charge of said train, then the plaintiff is entitled to recover, notwithstanding such negligence or want of care on the part of the plaintiff, or those in charge of her colts.

4. If the jury find from the evidence that the colts mentioned in the *narr.* were owned by the plaintiff, and were killed by the locomotive or train of the defendant, whilst operated by its servants or agents; and shall further find that the plaintiff, or her servants or agents, were at the time guilty of negligence or want of care in allowing said colts to get upon the track of the defendant, still, if the jury find that if the employés of the defendant had used, in and about the running of the train that killed said colts, ordinary and proper care in giving the usual and reasonable signals of its approach, that the said accident would not have happened; and further find that the said signals were not given, then the plaintiff is entitled to recover.

5. If the jury find from the evidence, that on or about the 25th day of March, 1881, the three colts mentioned in the declaration were the property of the plaintiff, and were killed by a locomotive or train of cars being run by the defendant on its railroad; and if they further find that the plaintiff, or those in charge of said colts at the time, were guilty of negligence or want of care in allowing said colts to get upon defendant's said track, still, if the jury find that if the employés of the defendant had used in and about the running of the train that killed said colts, ordinary and proper care in giving usual and reasonable signals of its approach, and in keeping a proper lookout, that said killing of the colts would not have occurred, then the plaintiff is entitled to recover.

And the defendant offered the following prayers, except the part contained in brackets at the end of its first prayer:

1. If the jury shall find from the evidence, that at the time of the killing of the colts of the plaintiff, they were in charge of the father of the plaintiff, and of a boy about ten years of age, and that the boy was riding ahead of the colts some fifty yards or more, and the father of the plaintiff was some sixty yards behind them, as testified to by the witness, Calvin Parks, and that the colts, though accustomed to being handled, were being driven between the boy and the father of the plaintiff without any bridle on them or other means of controlling them, and that in this way they were brought up the road leading from the watering place on to the road shown on the plat offered in evidence by the defendant, running alongside of the railroad on the west, and that they were sometimes driven over the quarry road crossing, leading from said road across the railroad, and that the father of the plaintiff knew that the mail train mentioned in the evidence was about due, and was expecting it, and that from the point where the road on which said colts were being driven becomes parallel with the railroad, those in charge of said colts could have seen the said train approaching in time to have kept the colts from going on the road running alongside of said railroad, and from getting on to said railroad track, and made no effort so to do; and shall further find that the engineer of said train was keeping a reasonable lookout ahead, and as soon as he saw said colts were on the track, took all usual and reasonable precaution to prevent striking the colts, and that notwithstanding said efforts said train could not be stopped till it struck said colts, then the plaintiff cannot recover in this action, and the verdict must be for the defendant, [unless they should also find, that the persons in charge of the train of the defendant failed to give the usual signal by whist-

ling at the usual place for doing so, and that if such whistle had been properly sounded, the agents of the plaintiff would not have taken the colts upon that portion of the road from which such agents would have a view of the approaching train, and would have kept back the colts in a place of safety.]

2. If the jury shall find from the evidence that the colts were in charge of the father of the plaintiff, and were being driven by him and a small boy of not more than ten or twelve years of age, the boy riding on a mare in front of said colts some fifty yards or more, and the father of the plaintiff some sixty yards in the rear, as testified to by the witness, Calvin Parks, and that the father of the plaintiff knew that the mail train was about due, and was expecting it before he got to the road running parallel to and alongside of the said railroad on the west side thereof; and shall further find that the engineer of said train was keeping a reasonable lookout ahead, and that as soon as he saw said colts near the track, put on the air-break, sanded the track, reversed his engine, sounded the alarm whistle as testified to by him, and that notwithstanding these efforts, said train could not be stopped until it struck said colts, then the plaintiff cannot recover in this action, and their verdict must be for the defendant.

3. That if the jury find from the evidence, that the engineer was at his post looking out, and that as soon as he saw the colts upon the defendant's track, he blew off steam to frighten them from the track, and also put on the air-break and reversed his engine, then such conduct on the part of the engineer, under the facts stated, was the exercise of diligence on his part, and their verdict must be for the defendant.

4. If the jury find that the colts would not have been killed, had the plaintiff or those in charge of said colts exercised ordinary care, then their verdict must be for the defendant.

The defendant's fifth prayer in respect to the measure of damages is omitted, as it was granted by the Court.

The Court (FISHER, J.,) granted the third, fourth and fifth prayers of the plaintiff in connection with the first prayer of the defendant as modified, and refused the first prayer of the detendant as offered, but granted it with the modification contained in brackets, and refused the defendant's second, third, and fourth prayers. The defendant excepted. The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*W. Starr Gephart,* and *Bernard Carter,* for the appellant.

*John I. Yellott,* and *John H. Handy,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

Against the appellant, as defendant, an action was instituted by the appellee, who, as plaintiff, in her declaration averred that three colts belonging to her were negligently killed by the agents of the defendant in charge of a train of cars on its railroad. A road, used as a thoroughfare, extended along the west side of the railway, and on the morning when the accident occurred the colts were being driven from a watering place on the west side of said railway to a crossing, so as to be placed in a lot used for pasturage on the east. The plaintiff offered evidence tending to show that these animals were killed in consequence of the defendant's agents neglecting to intimate the approach of the train by giving the usual signal at the proper point on the road. There was proof in apparent conflict with this evidence adduced by the defendant. The record discloses a case proper for the determi-

nation of a jury, enlightened by the instructions of the Court in relation to the legal principles applicable to the facts elicited by the investigation.

This controversy is governed and controlled by the provisions of Article 77, section 1, of the Code of Public General Laws. This Court has so construed the statute that there can now be no doubt that in all such cases as this, negligence must be imputed to the company defendant, and the *onus probandi* in negation of this imputation, is on said company, and it must show that the injury complained of resulted from a disaster which could not have been avoided by the use of proper care and diligence, and that such proper care and diligence had been observed by its agents. *Balto. & Ohio R. R. Co. vs. Mulligan*, 45 *Md.*, 486; *West. Md. R. R. Co. vs. Carter*, 59 *Md.*, 306.

The effect of the statute is to relieve the plaintiff from the obligation which the common law imposes. It is no longer incumbent on him, in the opening of his case, to show affirmatively the negligence of the defendant. The duty rests on the defendant to supply proper and adequate proof in rebuttal of the presumption of negligence. In other words, it must be assumed that the injury sustained was caused by the defendant's negligence, in the absence of satisfactory and sufficient proof to the contrary. The defendant may supply this proof by showing a state of facts demonstrating care and caution on the part of its agents; and it may also show that the accident resulted from negligence on the part of the plaintiff.

In the cases just cited, this Court decided that a plaintiff may have allowed his stock to stray at large, unattended, without being guilty of such contributory negligence as would preclude his right to recover, if the accident could have been avoided by the use of proper care on the part of the defendant's agents. In the case presented by this record it was obviously within the province

of the jury to find whether, at that particular time, the stock was properly on the road, the plaintiff occupying land on each side of the railroad, and being compelled to use the established crossing as a place of transit from one lot to another.

The defendant excepts to the granting of the third, fourth and fifth prayers of the plaintiff, and to the rejection of its second, third and fourth prayers, and to the refusal of its first prayer, except as modified by the Court.

The Court below was clearly right in rejecting the second, third and fourth of defendant's prayers. As has been already observed, it was for the jury to find whether the plaintiff was negligent in having the colts on the road at that particular time, and it was also for the jury to find whether the whistle was sounded, or ought to have been sounded, at the whistling-post. In two of these prayers the Court is asked to say that if the engineer took proper precautions to avoid the accident, after he saw the colts on the road, the plaintiff cannot recover. The fourth prayer is still more objectionable; and all three were properly rejected, because they wholly ignored important facts which should be considered in determining the rights of the respective parties.

The same objection is obviously applicable to the first prayer of the defendant, and the Court was right in refusing to grant it without the modification.

In the three prayers of the plaintiff granted by the Court, the jury were told that even if the plaintiff was guilty of negligence yet, if the accident would not have happened, had the agents of the defendant observed proper care and caution, the plaintiff was entitled to recover. The defendant's first prayer, as modified by the Court, declared that if the plaintiff's negligence led to the occurrence of the accident, the plaintiff could not recover, unless the defendant's agents, notwithstanding such negligence,

could. have prevented the accident by sounding the whistle at the usual place for so doing. These instructions are substantially the same. They clearly and concisely enunciate the legal principles governing the case and put it properly before the jury.

As no error can be discovered in any of the rulings of the Court below its judgment should be affirmed.

*Judgment affirmed.*

(Decided 12th March, 1885.)