# THE NORFOLK AND WESTERN RY. CO. vs. JOHN H. SMITH.

### Railroads—Killing of Cattle on Track—Instructions.

Plaintiff's horse was put one night in a fenced in pasture near defendant's railway track. The next morning it was found that the horse escaped in some unexplained way and had been struck and killed by a passing train. Plaintiff's evidence was to the effect that the foot prints on the railway track showed that the horse had run in the opposite direction from the train which struck it for a distance of 1,200 feet to the point where its body was found. Defendant's evidence was that the night of the accident was dark; that the engineer of the train saw some horses cross the track at a distance in front when he applied the brakes and slowed down and that after that a horse was struck which he had not previously seen although keeping a look out. Code, Art. 23, sec. 287, provides that railroad companies shall be responsible for injuries inflicted upon horses, cattle, etc., upon their roads unless said companies prove that the injury complained of was committed without any negligence on the part of the company or its agents. *Held*, that the case was properly submitted to the jury to find whether the injury could have been avoided by the defendant by the exercise of reasonable care and whether such care was exercised

*Decided June 16th, 1906.*

Appeal from the Circuit Court for Washington County (KEEDY, J.)

Court's instructions to the jury in lieu of plaintiff's prayers.

The jury is instructed, that if they find from the evidence that on the evening of the 24th day of May, A. D. 1905, the son of the plaintiff took the horse sued for in this action, along with several other horses of the plaintiff, and put the same in a pasture field for the night, and closed the gate leading into said field, and through which said horses had been taken, by hooking one end of a chain, fastened to said gate, over a nail in a post at one end of said gate to keep the same closed; and further find, that some time thereafter, during said evening, said horse, as well as certain other horses of said

plaintiff put in said field, if the jury so find, escaped from said field through said gate and strayed upon the track of the defendant a short distance north of Spielman's Station, in Washington County, Maryland, and further find that said horse, while then and there upon said track, as aforesaid, if the jury so find, was struck and killed by a locomotive then and there being operated by an employee of said defendant and then and there drawing a passenger train of said defendant along said track then the plaintiff is entitled to recover; unless the jury further find from the evidence that the killing of said horse, as aforesaid, if the jury so find, was under such circumstances as that the same could not have been avoided by the defendant and its servants by the use and exercise of reasonable and proper care, and further find that such care was, in fact, exercised to avoid said injury. And the burden of proof is upon the defendant to prove to the satisfaction of the jury that such care was, in fact, exercised, and that the injury was committed without negligence upon the part of the defendant or its agents.

The jury is instructed, that, even if they find that a horse belonging to the plaintiff was killed by being struck by a locomotive of the defendant while being operated upon the track of the defendant near Spielman's Station, on the evening of the 24th day of May, A. D. 1905; yet, if the jury is satisfied from the evidence in the case that the killing of said horse, as aforesaid, if the jury so find, was an unavoidable accident and was not due to any negligence or want of ordinary and reasonable care then and there upon the part of the defendant or its agents, then the verdict of the jury must be for the defendant.

The cause was argued before MCSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Samuel B. Loose* (with whom were *Marshall McCormick* and *J. Clarence Lane* on the brief), for the appellant.

*Thos. A. Poffingberger* and *William J. Witzenbacher*, for the appellee, submitted the cause on their brief.

PAGE, J., delivered the opinion of the Court.

The effect of sec. 28 of Art. 23 of the Code, was decided in *Northern Central Railway Company* v. *Ward*, 63 Md. 362, to be "to relieve the plaintiff from the objection which the common law imposes." The duty rests (now) "upon the defendant to supply proper and adequate proof in rebuttal of the presumption of negligence. In other words, it must be assumed that the injury sustained was caused by the defendant's negligence in the absence of satisfactory and sufficient proof to the contrary. The defendant may supply this proof by showing a state of facts demonstrating care and caution on the part of its agents; and it may also show that the accident resulted from negligence on the part of the plaintiff." *B. & O. R. R. Co.* v. *Mulligan,* 45 Md. 486, where it is said that the railroad company is entitled to the "unmolested use of its road; and it is the duty of owners to keep cattle within their enclosures, but the failure to do so, will not justify persons in the charge and management of a railway train to run over them, *if by the exercise* of ordinary *care it can be avoided.*" The statute, however, does not change the common law in respect to contributory negligence on the part of the plaintiff; and therefore if he has by his negligence or misconduct contributed directly and immediately to the production of the injury complained of, he is precluded from recovering damages, as he was before the passage of the statute. But this Court said in *W. Md. R. R. Co.* v. *Carter*, 59 Md. 306, "if he merely allows his stock to escape from his enclosure and to stray at large unattended and thus get upon the railroad of the company, and there be injured, while the entry of the stock upon the road may be an act of negligence, as well as a trespass, on the part of the plaintiff, in thus allowing his stock to stray at large unattended, yet such negligence is not of that direct and proximate character as to be so contributory to the production of the injury as to preclude the plaintiff the right to recover, if the accident could have been avoided by the use of reasonable and proper care on the part of the defendant or its agents, under the circumstances of the case."

In this case, the proof showed, that the horse in question, together with other horses, was placed in a field near the railroad, and the gates fastened. During the night it escaped, wandered to the track, and was killed by the appellant's train. There is nothing in this, under the decision last cited, that tended to show the plaintiff was guilty of negligence, even though, it has appeared that the animal was *allowed* to stray at large unattended or was negligently cared for, so that it escaped. The mere fact of its being on the track, cannot be considered an act of negligence; or standing alone, as proof tending to show negligence, in this State, where it is held that even if the horse had been *allowed* to escape and to stray unattended there would not have been such negligence of that proximate character as to be contributory to the injury.

There was evidence showing that near the point where the carcass was, were found tracks identified by the shoes as the tracks of the horse that was killed, for a distance of about 1,200 feet along a straight track coming from the direction from which the train approached; and it was contended, that the engineer if he had been exercising due care would have seen the animal on the track in time to check the speed of the train; and the fact that he did not see the horse or if he did, disregarded it, was evidence sufficient if it was believed to justify the jury in finding that the appellant did not use the proper degree of care in avoiding the accident; and therefore, that if all the evidence in the case be taken there was no evidence in the cause legally sufficient to show that the injury was committed without any negligence on the part of the company or its agents. But on the part of the appellant, there was evidence tending to show that the night was very dark, and the train was running about thirty-five miles an hour when the horse was struck; that the engineer and fireman were in their proper places, the former keeping a vigilant watch ahead; that the headlight was burning, and the engineer saw horses cross the track fifty yards ahead of the train and move off out of his sight; that he immediately closed the throttle, "grabbed the whistle and threw on the brakes," and

that he did not see the horse which was killed until after it was struck. The engineer further testified "there was no other precaution I (he) could have taken," that he used both brakes, the "emergency and the surface" brakes, and reversed the engine. The testimony of the defendant if believed by the jury, might have enabled them to find, that the agents of the defendant were using proper care and that the accident could not have been prevented by the appellant. Whether they would so find or not was a question for the jury and was submitted to them to determine whether the appellant was free from negligence; and the action of the Court in so ruling was correct.

It follows from what has been said, that the case was properly submitted to the jury, in granting for the plaintiff the two instructions, Its action upon the several prayers of the defendant we are of the opinion was free from error. The judgment will be affirmed.

*Judgment affirmed.*